IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES H. McELYEA, JR., ) | |
| ) | No. 3:16-cv-3157 |
| Plaintiff, ) | Judge Aleta A. Trauger |
| ) | |
| v. ) | |
| ) | |
| ALLEN KERNS et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION

Plaintiff Charles H. McElyea, proceeding *pro se*, has filed a civil complaint against Defendants Judge Allen D. Kerns of the Chancery Court for Dickson County, Tennessee and Assistant District Attorney Steven Powers; both of the defendants are sued in their individual and official capacities. (ECF No. 1.) Additionally, the plaintiff has applied to proceed *in forma pauperis*. (ECF No. 2)

Because it is apparent from the plaintiff's application that he lacks sufficient resources from which to pay the required filing fee, his application to proceed *in forma pauperis* (ECF No. 2) will be granted.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Begola v. Brown*, 172 F.3d 47 (Table), 1998 WL 894722, at *1 (6th Cir. Dec. 14, 1998) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199

(2007)). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDaniel*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## I. FACTUAL ALLEGATIONS

The plaintiff alleges that on September 19, 2016 he was before Judge Kerns in connection with a petition for civil contempt for failure to pay child support in the matter of State of Tennessee ex rel. Mitzi Gay McElyea v. Charles H. McElyea, Case No. 4886-97. Assistant District Attorney (ADA) Powers was present at the hearing, apparently on behalf of the state. At the hearing, Judge Kerns ordered the plaintiff jailed, although it appears that immediately after he was sent to jail, he was "furlough[ed] today . . . at 8 p.m. until 1-23-17 @ 8 am." (ECF No. 1 at Page ID# 4.) The plaintiff alleges that Judge Kerns and ADA Powers violated his right to due process because he did not have an attorney at the hearing. As relief, the plaintiff seeks an injunction that the defendant "stop all actions against [him]" and compensatory and punitive damages. (ECF No. 1 at Page ID# 3.)

## II. STANDARD OF REVIEW

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant

2

statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). Finally, the court need not sift through exhibits attached to the plaintiff's complaint in order to determine what, if any, basis exists for the plaintiff's claims against the defendants. *See Jackson v. Lawrence Corr. Ctr. Heatlh Care,* No. 15-cv-00082-JPG, 2015 WL 603853, at *2 (S.D. Ill. Feb. 12, 2015).

## III. DISCUSSION

### A. Judge Kerns

The plaintiff claims that when he appeared before Judge Kerns in connection with a civil contempt case for failure to pay child support, Judge Kerns ordered that the plaintiff be jailed. The plaintiff asserts that, by doing so, Judge Kerns violated his Fourteenth Amendment due process rights.

Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (recognizing that "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in

complete absence of all jurisdiction. *Mireles,* 502 U.S. at 12.

The plaintiff's allegations fail to implicate either of the exceptions to judicial immunity. There is no doubt that conducting a civil contempt hearing was a judicial act, and the plaintiff does not suggest that Judge Kerns was acting without jurisdiction to do so. Accordingly, Judge Kerns is absolutely immune from liability for money damages.

Moreover, injunctive relief is not available under § 1983 against Judge Kerns individually, because injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). The plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, his claim for injunctive relief against Judge Kerns individually is barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

### B. ADA Powers

The plaintiff fails to set forth any facts to suggest that what ADA Powers did at the civil contempt hearing violated the plaintiff's due process rights.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where the plaintiff failed to allege how any named defendant was involved in the violation of his rights);

*Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) (finding that the "[p]laintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because the plaintiff has failed to set forth any facts to support his allegation that ADA Powers violated his due process rights, the plaintiff's claim against ADA Powers individually must be dismissed.

Moreover, even if the plaintiff had alleged facts supporting his allegation that ADA Powers violated his due process rights, his claim against ADA Powers individually would still be dismissed because ADA Powers is entitled to absolute immunity for his actions in connection with the plaintiff's civil contempt proceeding.

The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010). Using this approach, courts have concluded that a prosecutor is protected "in connection with his duties in functioning as a prosecutor." *See Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002) (looking to the "nature of the function performed, not the identity of the actor who performed it"). Accordingly, prosecutors are absolutely immune from many malicious prosecution claims. *Burns*, 500 U.S. at 485 n. 4 (citing *Yaselli v. Goff*, 275 U.S. 503 (1927)). Moreover, even the knowing presentation of false testimony at trial is protected by absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley*, 509 U.S. at 267 n. 3 (noting the Seventh Circuit's conclusion that

"[p]resenting ... fabricated evidence to the grand jury and ... trial jury ... [are] actions protected by absolute immunity." (citing *Buckley v. Fitzsimmons*, 919 F.2d 1230, 1243 (7th Cir. 1990))).

As the Sixth Circuit has explained, "The analytical key to prosecutorial immunity, therefore, is advocacy—whether the actions in question are those of an advocate." *Holloway*, 220 F.3d at 775. Thus, the "critical inquiry is how closely related is the prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the criminal process." *Id.; see also Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000) (recognizing "that immunity is granted to prosecutors 'pursuing a civil action' when they are 'functioning in an enforcement role and acting as advocates for the state.'")

The plaintiff fails to set forth any facts suggesting what ADA Powers did at the civil contempt hearing that the plaintiff believes violated his Fourteenth Amendment rights. Suffice it to say, however, the plaintiff's allegations suggest that whatever ADA Powers did that allegedly violated the plaintiff's constitutional rights, he did in the course of representing the state at the civil contempt hearing. Because the plaintiff's allegations relate to ADA Powers' role as an advocate during the plaintiff's civil contempt hearing, he is entitled to absolute immunity.

### C. Official Capacity Allegations

The plaintiff also sues Judge Kern and ADA Powers in their official capacities.

A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the State of Tennessee. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Judge Kerns and ADA Powers are state officials. *Gooch v. Gay*, No. 3:13-cv-0465, 2013 WL 2476560, at *4 (M.D. Tenn. June 7, 2013). An official-capacity defendant is absolutely immune from monetary damages. *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453,

456 (6th Cir. 1998); *Wells v. Brown*, 891 F.2d 591, 592-93 (6th Cir. 1989). Therefore, the court dismisses the suit for monetary relief against Judge Kerns and ADA Powers in their official capacities.

Moreover, even if Judge Kerns and ADA Powers were not immune from suit for damages, to succeed on a claim against them in their official capacities, the plaintiffs must show that he has suffered harm because of a constitutional violation and that a policy or custom of the entity, in this case the state, caused the harm. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Soper v. Hoben*, 195 F.3d 845, 853-54 (6th Cir. 1999). The plaintiff has not set forth any facts suggesting that any policy or custom caused the constitutional violations alleged herein. *See Meyers v. City of Cincinnati*, 14 F.3d 1115, 1120 (6th Cir. 1994) (noting that the policy requirement for municipal liability "is meant to distinguish those injuries for which the government as an entity is responsible under § 1983 from those injuries for which the government should not be held accountable.") (internal citation and quotation marks omitted). Consequently, the plaintiff has failed to allege a claim for damages against Judge Kern and ADA Powers in their official capacities.

However, state officials can be sued in their official capacity for prospective injunctive relief. *See Ex Parte Young*, 209 U.S. 123 (1908). The plaintiff claims that he was sent to jail in connection with civil contempt proceedings for failure to pay child support, despite not having a lawyer present. "The Due Process Clause does not *automatically* require the provision of counsel at civil contempt proceedings to an indigent individual who is subject to a child support order, even if that individual faces incarceration (for up to a year)." *Turner v. Rogers*, 564 U.S. 431, 448 (2011) (emphasis in original). Rather, the court must consider three factors before deciding whether the appointment of counsel is required. *Id.* at 446. First, "the critical question

likely at issue [is] . . . the defendant's ability to pay." *Id.* Second, whether "the person opposing the defendant at the hearing is . . . the government represented by counsel, [or] the custodial parent *un*represented by counsel." *Id.* (emphasis in original). Lastly, the court must consider whether "there is available a set of 'substitute procedural safeguards,' which if employed together, can significantly reduce the risk of an erroneous deprivation of liberty." *Id.*

But *Turner* was an appeal from a finding of contempt, not a separate §1983 action. District Courts have routinely found that *Turner* cannot provide the foundation for a § 1983 action. *See* <u>Canaan v. City of El Paso</u>, No. EP-16-CV-00132-DCG, 2017 WL 129027, at *6 (W.D. Tex. Jan. 12, 2017) (recognizing that courts have declined to apply or extend *Turner* to factual circumstances beyond those in *Turner*, and listing cases where courts found that *Turner* could not provide the foundation for a § 1983 claim). Consequently, the plaintiff fails to sufficiently state a due process claim against Judge Kerns. Additionally, the plaintiff fails to state a claim against ADA Powers because there are no allegations to suggest that he is responsible for the plaintiff's being jailed.

## IV. CONCLUSION

For the reasons set forth herein, the plaintiff's complaint will be dismissed. For the same reasons that the court dismisses this action, the court finds that an appeal of this action would not be taken in good faith. The court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith, and Plaintiff will not be granted leave by this court to proceed on appeal *in forma pauperis*. An appropriate order is filed herewith.

ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE